WESTERN NEW YORK WATER COMPANY, Appellant, v. ERIE COUNTY WATER AUTHORITY et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ. [See 279 App. Div. 1132.]

In the Matter of ROBERT COLEGROVE, Petitioner, against DEPARTMENT OF PUBLIC WORKS OF THE STATE OF NEW YORK et al., Respondents.— Motion for reargument denied, with $10 costs; motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ. [See *ante*, p. 959.]

## (November 19, 1952.)

JOHN I. READ, Respondent, v. PENNSYLVANIA RAILROAD COMPANY, Appellant. — Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Whether there was any warning given of the approach of the train was a fact question for the jury. There was evidence which would support the jury's finding that no warning was given and that the defendant was negligent. We think, however, that the finding of the jury that the plaintiff was free from contributory negligence was against the weight of evidence and that the plaintiff failed to sustain the burden of proof in that regard. It was the plaintiff's claim that the crossing sign obstructed his view as he approached the tracks. There was no evidence before the jury that such sign was maintained by the defendant in contravention of section 53 of the Railroad Law or any rule, regulation or order of the Public Service Commission. It is our opinion that the defendant was entitled, upon request, to have the court so state to the jury. The failure so to charge could have left the impression in the minds of the jurors that the defendant was violating some statute or regulation in regard to the erection or elevation of the sign. All concur. (Appeal from a judgment for plaintiff in a railroad negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.